## 10694.

### CRYMES v. GAUL CONST. CO. *ET AL.*

#### (108 S. E. 175)

1. CONTRACTS—DESTRUCTION OF BUILDING BEING REMODELED AND FAILURE TO RESTORE IT HELD NOT TO RELIEVE CONTRACTOR OR SURETY.—Where contractors employed to remodel a building were to get the building as it stood, and own all of the building except what was used in the new work, and receive a specified amount for their undertaking, and were to be answerable for and restore and make good all damages, etc., occasioned or rendered necessary by fire, etc., the contractors and their surety were not discharged by the destruction of the building by fire before completion of the work, and by the owner's failure to restore it to the condition it was in when the contractors began to remodel it.

2. CONTRACTS—FAILURE OF OWNER TO PAY INSURANCE MONEY TO CONTRACTOR HELD NOT TO DEFEAT LIABILITY FOR CONTRACTOR'S DEFAULT.—Where a contract for the remodeling of the building did not provide that if the building burned down the insurance money was to be used in rebuilding it, the failure of the owner to pay the insurance money to the contractors for use in restoring the building after its destruction by fire, or to pay the amount of the contractor's loss, did not discharge the contractors or their surety.

3. PRINCIPAL AND SURETY—COMPLETION BY OWNER UPON CONTRACTOR'S DEFAULT AFTER DESTRUCTION OF BUILDING NOT CONDITION OF SURETY'S LIABILITY.—Under a contract for the remodeling of a building, where the building was destroyed by fire and the contractors abandoned the contract, the owner was not required to complete the building in order to render the surety liable, as the surety could relieve itself from liability by completing tract itself.

Before DEVORE, J., Greenville, November, 1920. Affirmed.

Action by Thomas G. Crymes against Gaul and Allen, partners as Gaul Construction Co., and Massachusetts Bonding & Insurance Co. From order overruling demurrer to the answer on behalf of the Bonding Company said Company appeals.

*Mr. Stephen Nettles,* for appellant, cites: *Rule where contract is to remodel old house, and it is destroyed by fire*

*during progress of work*: 6 R. C. L. 1007; 12 L. R. A. 571; 3 S. W. 726; 35 S. E. 1003; 65 L. R. A. 111; L. R. A. 1917-D, 1006. *Owner should have insured old part of building for benefit of contractor if he was to restore the whole*: 61 S. C. 466; 63 N. W. 864. *Judgment in suit between owner and contractor not conclusive of rights of surety*: 2 Hill L. 313; 16 S. C. 517; 52 L. R. A. 312; 86 N. W. 856; 15 N. Y. 405. *Conclusions of law not admitted by demurrer*: 104 S. C. 268; 63 N. W. 864.

*Messrs. B. A. Morgan* and *Cothran, Dean & Cothran,* for respondent, cite: *Contractor bound to complete building, and in case of fire, he must bear loss*: 2 Wall 1; 183 U. S. 654; 150 U. S. 312; 227 U. S. 513; 22 L. R. A. (N. S.) 364; 29 App. D. C. 506; 55 S. E. 826; 98 S. W. 387; 63 S. E. 778; 5 L. R. A. (N. S.) 1105; 68 Am. Dec. 317; 31 Am. Dec. 137; 1 S. W. 508; 37 S. E. 13; 23 Wis. 374; 95 N. W. 90; 82 Am. Dec. 349; 2 S. E. 252; 36 Am. Rep. 423; 43 Am. St. 893.

August 1, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from order of Judge De Vore overruling a demurrer interposed by defendants to complaint of plaintiff. The action was for damages by plaintiff against contractors and surety on their bond for failure to restore the residence which was destroyed by fire after the contractors had completed about 60 per cent. of their work. By agreement the original contract specifications and bond were treated as part of the complaint, for the purpose of passing upon the demurrer, the demurrer interposed was upon the ground that the complaint failed to state a cause of action. The exceptions are:

"(1) Because under the terms of the contract the contractors did not assume responsibility for the integrity of

the old building, and consequently its destruction by fire operated to discharge them from further performance under the contract and to discharge the bonding company from further liability as surety on the contractor's bond.

"(2) Because the plaintiff did not restore or offer to restore the building to the condition it was in when the contractors began to remodel it, and under the contract this was a condition precedent to any obligation on their part to go on with the work and to any liability on the part of the surety for their failure to do so.

"(3) Because plaintiff's failure to procure insurance on the building to protect the interests of the contractors was such a breach of the contract as to excuse the contractors from further performance and to discharge the liability of the bonding company as surety.

"(4) Because the plaintiff did not pay or offer to pay the contractors the whole or any part of the insurance money, to be used by them in restoring the building, this being under the contract a condition precedent to any obligation on their part to build and to any liability on the part of the surety for their failure to do so.

"(5) Because the plaintiff did not pay or offer to pay to the contractors the amount of their loss by the destruction of the building, to be used by them in restoring the building, this being under the contract a condition precedent to any obligation on their part to rebuild and to any liability on the part of the surety for their failure to do so.

"(6) Because the plaintiff has not completed the building, and until he has done so the liability of the surety on the contractor's bond cannot be determined."

The demurrer admits the allegations of the complaint to be true, and the contract was before Judge De Vore. The complaint alleges in paragraph 10 that—

"The contractors shall be answerable for, restore, and make good all injurious damages, re-erections and repairs occasioned or rendered necessary by defective material, bad workmanship, fire, and trespass or otherwise, previous to the completion and delivery of the same.

The complaint, contract, and specifications show that the contractors assumed responsibility for the whole job. The allegations of the complaint admitted to be true by the demurrer set forth fully the things embraced in the undertaking laid before the contractors. They were to get the contractors. They were to get the building as it stood, so much money for their undertaking and job, and the work was to be completed the following August. The contractors were to own all of the old building, except what was stipulated to be retained by the owner, to wit, "Old material torn out and not used in new work. * * * *"

Exceptions 1 and 2 are overruled.

Exception 3 is overruled. Plaintiff took out insurance to protect his interest and that of the contractors, Gaul Construction Company. The contractors sued Crymes for the whole of insurance and failed, not because they had no interest, but on other grounds. Policy was taken out when work began. At that time there was no part of the house new. They sued for destruction of old building, and lost out.

Exceptions 4 and 5 are overruled. Nowhere does the contract provide that if the house burns down the insurance money is to be collected and used in building the house.

The contractors contracted to complete the job and the bonding company made the contract a part of their obligation. The Court adjudged the contract abandoned; the building is not erected, the undertaking not performed. The contractor having defaulted, his surety must respond for any breach of duty on the part of the contractor. The

bonding company is not that of an ordinary surety but the bonding company is in the business of underwriting for hire.

Exception 6 is overruled. The surety can relieve itself from liability by completing the contract which it underwrote; as it is Crymes has no house, is out large sums of money advanced unaccounted for, which in his complaint he alleges is his damage, and admitted by demurrer to be true. All exceptions are overruled, and judgment affirmed.

MR. JUSTICE COTHRAN disqualified.